UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE C MALCOLM,

                              Plaintiff,

          v.

ROCHESTER CITY SCHOOL DISTRICT, BARBARA
DEANE-WILLIAMS, Superintendent of Schools,
Individually, SANDRA SIMPSON, Chief of Specialized
Services and Former Interim Director of Specialized
Services, Individually, MARY PAULY, Executive Director
of Specialized Services, Individually, and THERESA
("TERESA") ROOT, Zone Director of Specialized
Services, Individually,

                              Defendants.
_____

<u>DECISION AND ORDER</u>[1]
(Malcolm II)

17-CV-6873-DGL

## **INTRODUCTION: MALCOLM II**

Plaintiff Bernice C. Malcolm ("plaintiff"), proceeding *pro se*, brings this action against defendants Rochester City School District ("RCSD"), its superintendent, Barbara Deane-Williams ("Deane-Williams"), Chief of Specialized Services and Former Interim Director of Specialized Services, Sandra Simpson ("Simpson"), Executive Director of Specialized Services, Mary Pauly ("Pauly"), and Zone Director of Specialized Services, Theresa Root ("Root"). This action was commenced on virtually the same day as *Malcolm I* (17-CV-6878). The complaint is virtually identical to Malcolm's complaint in *Malcolm I*.

Plaintiff is a 61-year-old African-American woman who has been employed with the RCSD starting in April of 2015. Plaintiff was hired as a Central Office Coordinating

---

[1] Two other decisions filed by the same plaintiff (17-CV-6878 and 18-CV-6450) have been filed this date.

Administrator of Special Education ("CASE"). Not long after she was hired, Plaintiff began to have difficulties with her supervisor, Root, and made complaints to her supervisors at the RCSD. Plaintiff alleges that Root, among other things, "sabotaged her career" by giving her a developing performance evaluation without notifying her.

In March 2017, the RCSD, faced with budgetary concerns, conducted an audit that led them to restructure the special education administrators. This included laying off twenty-two CASE positions. Plaintiff was one of the affected employees. Those employees were then placed on a preferred eligibility list for seven years, meaning they could be recalled and resume employment if a position was open. Plaintiff was recalled from the preferred eligibility list and rehired by the RCSD on November 20, 2017 in her same position, about a month before commencing this lawsuit.

As mentioned in *Malcom I*, plaintiff then filed five charges within the New York State Department of Human Rights ("NYSDHR"). In the first two charges against the RCSD, the NYSDHR determined there was probable cause, and the case is pending and is still unresolved. These two charges were dually filed in the EEOC. The third, fourth and fifth charges against plaintiff's union and RCSD were dismissed with the NYSDHR finding no probable cause, with the EEOC adopting the same findings as the NYSDHR for her federal claims. Upon receipt of her right to sue letter from the EEOC in her fourth charge, plaintiff then filed the present lawsuit, and two other actions in this district regarding similar claims.[2] The second action, filed the day after the present lawsuit was filed, has been dismissed for various reasons, including a failure to exhaust administrative remedies and failure to state a claim.

---

[2] *See Malcolm v. Ass'n of Supervisors and Adm'rs of Rochester*, 17-CV-6878 (W.D.N.Y. 2017); *Malcolm v. Rochester City School District*, 18-CV-6450 (W.D.N.Y. 2018).

In the present lawsuit, plaintiff alleges defendants discriminated against her with respect to her employment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1988; New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.; 42 U.S.C. § 1983; and the New York Constitution's Equal Protection clause, N.Y. Const. Art. I, § 11. Plaintiff also alleges a state law breach of contract claim against defendants.

In lieu of an answer, defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6). Plaintiff, in her complaint and in her reply papers, requested a stay in the proceedings, and as she did in *Malcolm I*, moved to amend her complaint.

For the reasons set forth below, defendant's motion to dismiss (Dkt. #6) is granted, and the Complaint is dismissed. Plaintiff's motion to amend the complaint (Dkt. #11) is denied, and plaintiff's request to stay proceedings (Dkt. #1) is denied.

## DISCUSSION: MALCOLM II

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the complaint, and those documents attached to the complaint or incorporated therein by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd..*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007). A court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "bald assertions and

conclusions of law will not suffice" to defeat a motion to dismiss. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Where a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [plaintiff's] complaint must be dismissed." *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009).

## I. Plaintiff's claims against the RCSD and Deane-Williams

"A district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A suit is duplicative if the parties, claims against the parties, and the relief sought do not differ significantly from one action to the other. *Morency v. Village of Lynbrook*, 1 F. Supp. 3d 58, 61 (E.D.N.Y. 2014).

Plaintiff's claims against the RCSD and Deane-Williams are identical to the lawsuit filed against RCSD and Deane-Williams in *Malcolm I*. Plaintiff's entire complaint is repeated in her second lawsuit, as she has copied word-for-word the same factual claims from one suit to the next. Additionally, the factual allegations as pleaded in both *Malcolm I* and the present action are identical, particularly pertaining to allegations regarding RCSD and Deane-Williams. Paragraphs 22 through 79 of *Malcolm I* are identical to paragraphs 22 through 79 of the present action. The only differences between the two complaints pertain to allegations pleaded against ASAR defendants. Plaintiff's first through ninth causes of actions are identical to causes five through twelve as pleaded in *Malcolm I*. The Court therefore dismisses causes of action one through nine against Defendants RCSD and Deane-Williams for the same reasons it dismissed the claims in *Malcolm I.*

## II. Plaintiff's ADEA, Title VII, and NYSHRL claims against individual defendants Pauly, Simpson and Root

The ADEA and Title VII do not provide for personal liability against individuals. *See Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011); *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009). The NYSHRL provides for personal liability as long as the conduct that gave rise to the claim involved direct participation from the individual defendant. *See Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 678 F. Supp. 2d 100, 106 (W.D.N.Y. 2010); *see also Bickerstaff v. Vassar Coll.*, 160 F. App'x 61, 63 n. 2 (2d Cir. 2005).

I find that plaintiff's Title VII and ADEA claims against the individual defendants are dismissed, as both statutes do not provide liability for individuals. As for plaintiff's NYSHRL individual claims against Pauly and Simpson, plaintiff did not allege direct participation in conduct that gave rise to her discrimination claim anywhere in her complaint. Pauly and Simpson are mentioned fewer than five times in the complaint, the only factual allegations being that plaintiff complained to Pauly and Simpson along with several other supervisors of her issues with Root. Compl. ¶ 61. The fact that plaintiff made a complaint alone does not suggest that any individual defendant furthered, or directly participated in, a discriminatory employment action. Because plaintiff essentially pleads no facts regarding Pauly's and Simpson's actions, plaintiff has pled no cause of action and plaintiff's remaining NYSDHR claims against Pauly and Simpson are dismissed.

Similarly, nowhere in plaintiff's complaint does she sufficiently plead how Root is personally involved with the alleged discrimination. Plaintiff does not allege that Root played an individual role in the elimination of plaintiff's position, let alone that she did so with discriminatory animus. Plaintiff merely makes conclusory and speculative statements saying she was treated disparately by Root, without detailed factual contentions as to how Root was personally involved.

Some of the things that plaintiff claims rise to the level of discrimination include giving plaintiff a developing performance evaluation and failing to warn plaintiff she would receive such a rating. However, plaintiff does not say how this performance rating is connected in any way to plaintiff's race, age or gender. Instead, plaintiff repeatedly makes speculative and conclusory allegations against Root, claiming she sabotaged plaintiff's career and harassed plaintiff without any underlying factual basis. For these reasons, Plaintiff's remaining NYSHRL claims against Root are dismissed.

### III. Plaintiff's Equal Protection Claims under 42 U.S.C. § 1983 and the N.Y. Constitution

Plaintiff also alleges that she was deprived of her constitutional rights while the defendants were acting "under color of law," in violation of 42 U.S.C. § 1983 and the New York State Constitution, NYS Cons. Art I, Sec. 11. Liability under § 1983 extends only to state actors. *See Williams v. N.Y.C. Hous. Auth.*, 335 F. App'x 108, 110 (2d Cir. 2009). To establish liability under § 1983, a defendant must be (1) acting under color of state law and (2) defendant's actions resulted in a deprivation of constitutional rights. *Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). Merely stating that a party is acting "in color of law" is not enough to show the nexus required to state a claim under § 1983 or the New York Constitution. Establishing a defendant's personal involvement in the alleged constitutional deprivations is a prerequisite to damages under § 1983. *Brown v. City of Syracuse*, 197 F. App'x 22, 25 (2d Cir. 2006). For an individual defendant to be liable, an official must be personally involved by, (1) directly participating in the constitutional violation, (2) failing to remedy the constitutional violation after being informed of the violation, (3) creating a policy that allowed for unconstitutional violations or allowing for unconstitutional violations under the policy, (4) supervising employees who committed wrongful acts with gross negligence, or (5) exhibiting deliberate indifference towards

the rights of others. 42 U.S.C. § 1983; *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001). The same framework applies to a New York state constitutional violation. *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 53 n. 3 (2d Cir. 2007); *Weber v. City of New York*, 973 F. Supp. 2d 227, 274 (E.D.N.Y. 2013). An equal protection claim is then analyzed under the same framework as a Title VII employment discrimination claim. *Id.*, *see Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

As discussed above, plaintiff has not pled facts sufficient to state a claim that any of the individual defendants personally violated any of plaintiff's constitutional rights, just as she had not done enough to plead that the individual defendants had individually discriminated against plaintiff under NYSHRL. Because plaintiff has failed to allege that Pauly, Simpson or Rowe's actions deprived plaintiff of any constitutional right, plaintiff's seventh and eighth claims against Pauly, Simpson and Rowe are dismissed.

**IV.     Plaintiff's Breach of Contract claims**

In order to have a breach of contract claim, plaintiff must have been operating under some contract. Any collective bargaining agreement that RCSD and plaintiff's union were under would not be covered by a breach of contract action. *See Ifill v. New York State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009). Plaintiff does not plead that she and RCSD, nor any of the individual defendants, were bound by any employment contract, what contract was supposedly breached, or how even a collective bargaining agreement would have been breached. Because plaintiff's complaint is utterly devoid of any semblance of a plausibly pled breach of contract claim, her breach of contract cause of action is therefore dismissed.

**V.     Plaintiff's Request to Stay Proceedings**

Plaintiff requested, as part of her complaint, to stay the current proceedings until her unexhausted claims are resolved within the NYSDHR and EEOC. Compl. ¶¶ 20-21. When

considering a request for a stay of proceedings, the court should consider whether (1) plaintiff is likely to prevail on the merits, (2) the plaintiff will suffer irreparable harm if no stay is granted, (3) other parties will suffer substantial harm if no stay is granted; and (4) public interest supports a stay. *Rochester-Genesee Reg'l Transp. Auth. v. Hynes-Cherin*, 506 F. Supp. 2d 207, 213 (W.D.N.Y. 2007).

Plaintiff argues that a stay is warranted because of the ongoing NYSDHR proceedings and that a stay is legally and economically necessary to avoid injustice. Plaintiff admits that the NYSDHR has jurisdiction over the claims, but instead is seeking additional relief here in federal court before completing the hearing process in the NYSDHR. As defendants suggest in their motion to dismiss, public interest instead calls for a denial of plaintiff's request to stay, as plaintiff should be required to exhaust her administrative remedies just like every other litigant who files a claim with the NYSDHR and the EEOC. Dkt. #6-10, p. 9. Because I conclude that the causes of action should be dismissed above for failure to exhaust administrative remedies upon which plaintiff bases her request to stay, and plaintiff's complaint is dismissed for failure to state a claim, her request to stay proceedings is denied.

## VI. Plaintiff's Motion to Amend the Complaint

Plaintiff also has moved to amend the complaint (Dkt. #12). Leave to amend, while it should be freely granted, may be denied where amendment would be futile. *Malcolm*, 678 F. Supp. 2d at 109. The Federal Rules of Civil Procedure detail the baseline for what is necessary in order to request leave to amend, including a notice of motion and a statement "with particularity the grounds for seeking the order" which may include a proposed amended complaint. Fed. R. Civ. P. 15(a), 6(c)(1), 7(b)(1)(B). Failing to attach a proposed amended complaint may warrant dismissal. L. R. Civ. P. 15; *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009).

8

Plaintiff has not submitted a proposed amendment to her complaint that would warrant leave to amend. While plaintiff has asserted additional factual contentions in her later declarations and memoranda (*see* Dkt. #11, 12), none are presented in the form of a proposed amended complaint, and none indicate plaintiff has exhausted her administrative remedies or suggest any additional claims of discrimination. Because I conclude that the complaint must be dismissed, and plaintiff has not suggested any proposed amendments that address any of defendants' arguments, amendment of the complaint would be futile. Plaintiff's motion for leave to amend is denied.

## **CONCLUSION: MALCOLM II**

For the foregoing reasons, I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her Title VII, ADEA, NYSDHR and Equal Protection claims. Accordingly, defendants' motion to dismiss the complaint (Dkt. #6) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 11, 2019.